UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **REBECCA BYBEE,** | **CASE NO. 1:01cv00623** |
| **PLAINTIFF** | **(WEBER, J)** |
| | **(HOGAN, M.J.)** |
| **VS.** | |
| **THE PROCTOR & GAMBLE COMPANY, ET AL.,** | |
| **DEFENDANTS** | |

### REPORT AND RECOMMENDATION

Before the Court are Defendant's Objections to Magistrate Judge's Order and Alternative Motion to Dismiss (Doc. 33), Plaintiff's Reply, which we consider Plaintiff's Memorandum in Opposition (Doc. 35) and Defendant's Reply (Doc. 37). For obvious reasons, our decision here will address only Defendant's alternative Motion to Dismiss Plaintiff's breach-of-fiduciary claim, which we find to be well-taken.

### BACKGROUND INFORMATION

Plaintiff's son, Jarrod, had a substance abuse problem and needed residential treatment on a relatively long-term basis. Treatment was rendered by a provider called the Majestic Ranch in Utah and the cost of said treatment is alleged to be in excess of $90,000. Plaintiff submitted a claim through the ERISA plan of her employer and the claim was denied, apparently on the basis that the Majestic Ranch is not within the provider network and preapproval was not granted. Defendant's Answer contains 15 defenses and, believe it or not, a reservation of rights to assert even more, thus it is difficult to determine at this juncture on what basis this case will be defended. Suffice it to say that Defendant asserts that its plan administrator properly followed the Plan's directive and properly denied Plaintiff's claim. This suit was filed to either obtain

funds to pay Majestic Ranch or to seek reimbursement for funds paid out of pocket.

## DEFENDANT'S ARGUMENT

Defendant argues that the decision in this case should be made on the basis of the administrative record alone, since Plaintiff failed to allege in her Complaint that a breach of fiduciary claim was asserted. Defendant characterizes Plaintiff's Complaint as asserting a claim for benefits and then asserts that "based on clear Sixth Circuit and United States Supreme Court precedent, Plaintiff may not alternatively plead a claim for benefits and a breach of fiduciary duty under ERISA." The precedent to which Plaintiff refers is *Kennedy v. United Healthcare of Ohio*, Inc., 186 F.R.D. 364 (S.D. Ohio 1999), *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609 and *Verity Corporation v. Howe*, et al., 516 U.S. 489 (1996). Defendant asserts that Plaintiff's reference to 29 U.S.C., Section 1104(a)(1)(D) constitutes a description of fiduciary duties, but does not constitute an ERISA enforcement provision, described exclusively at 29 U.S.C., Section 1132.

## PLAINTIFF'S ARGUMENT

Plaintiff asserts in her Amended Complaint that the Plan's terms are "vague, contradictory, ambiguous and misleading" and that Defendant violated ERISA by "improperly denying her healthcare benefits." It is also alleged that Defendant "failed to pay Bybee her benefits" and "unreasonably withheld authorization of treatment for Bybee's son." It is also alleged that Defendant "failed to comply with the terms of the Plan requiring that Bybee be paid her benefits when due." Plaintiff argues that the plan administrators decision to deny benefits was arbitrary and biased, thus leading to Plaintiff's position that in order to properly present her case, she needs to conduct discovery outside the administrative record. Thus, Plaintiff requested that Defendant supply in discovery the number of mental health, chemical dependency claims under the Plan that were submitted, granted and denied for the last 10 years, as well as information related to law suits resulting from a denial of similar claims for a 5 year period. In light of Defendant's argument that Plaintiff's claim for benefits was denied because Plaintiff failed to obtain preapproval for treatment in a facility that was out of network, it would appear

that if discovery were to be appropriate, it would be limited to Defendant's prior payment or rejection of similar claims, not claims in general, a fact that would make discovery far less burdensome for Defendant.

Although not directly addressed by Plaintiff's Memorandum in Opposition (Doc. 35), it is clear from Plaintiff's previously filed Motion to Compel (Doc. 20) that she considers the First Claim for Relief, captioned Failure to Follow Plan Documents under ERISA, 29 U.S.C. Section 1104(a)(1)(D), as stating a claim for breach of fiduciary duty. Although Defendant has pointed out the shortcomings of Plaintiff's counsel's drafting in that the claim fails to contain any reference to such buzz words as arbitrary, malice or even the phrase, breach of fiduciary duty, Plaintiff nonetheless argues that her First Claim for Relief states a claim for breach of fiduciary duty. We assume, although not specifically argued by Plaintiff, that her argument is that by referencing Section 1104 of ERISA, she put Defendant on notice that her First Claim was for breach of fiduciary duty. In any event, Plaintiff argues that if Defendant found Plaintiff's First Claim to be duplicitous, it could and should have moved to dismiss that claim and by Defendant's failure to do so, one could assume that Defendant recognized that the two claims asserted resulted from separate acts.

In opposition to Defendant's argument that the law does not permit alternative pleading of a claim for denial of benefits and a claim for breach of fiduciary duty, Plaintiff cites *Gieger v. Unum Life Insurance Company of America*, 213 F. Supp.2d 813 (N.D. Ohio 2002).

**OPINION**

It would seem that the first issue to be resolved is whether or not Plaintiff's First Claim for Relief states a claim for breach of fiduciary duty. Rule 8(a) requires only that the Plaintiff present "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's First Claim for Relief is entitled "Failure to Follow Plan Documents," indicates that the claim is brought under 29 U.S.C., Section 1104(a)(1)(D), and then charges Defendant with "improperly denying Bybee her health care benefits." Defendant represents, and Plaintiff does not deny, that a scheduling conference was held on April 4, 2002, that Plaintiff acknowledged at that time, that her Amended Complaint, filed in October, 2001, contained no claim for breach of fiduciary duty, and that Plaintiff was given until May 9, 2002 to file a Second Amended

Complaint, containing a breach of fiduciary claim. No Second Amended Complaint was ever filed as Plaintiff apparently concluded that she had, in fact, set forth a claim for breach on fiduciary duty in her First Claim for Relief.

The cited code provision, 29 U.S.C. § 1104(a)(1)(D), entitled "Fiduciary duties," requires the fiduciary to discharge his duties: (A) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan, (B) with care, skill, prudence and diligence . . . ,(C) by diversifying the investments of the plan . . . and (D) in accordance with the documents and instruments. . . . Plaintiff's First Claim makes no reference to § 1132(a)(1)(B) of ERISA, the civil enforcement statute, which permits an action to be brought by a participant or beneficiary "to recover benefits due him under the plan" or to § 1132(a)(3), which grants to any participant or beneficiary the right to equitable relief for the enforcement of any terms of the plan. The question then is whether Plaintiff has sufficiently raised a breach of fiduciary claim so as to overcome a Rule 12(b) Motion to Dismiss for failure to state a claim upon which relief can be granted. By Plaintiff's assertion that Defendant failed to follow plan documents and listing § 1104(a)(1)(D) of ERISA, we believe that she has sufficiently stated a claim for breach of fiduciary duty, although the drafting of the claim is no model for imitation because, as Defendant points out, Plaintiff failed to assert that the plan administrator acted dishonestly, was biased or acted with an improper motive or conflict of interest. Why Plaintiff did not seize upon the opportunity to amend the Second Amended Complaint and supply what is missing is a mystery to us. However, we believe that rather than assert that, under the minimal allegations of the Amended Complaint, Plaintiff can prove no set of supportive facts, it is preferable that Defendant request either a more definite statement or take minimal discovery aimed at the precise nature of the fiduciary's breach of duty. Thus, our belief is that Plaintiff's poorly drafted First Claim for Relief is sufficient to put Defendant on notice that a claim for breach of fiduciary duties is pending.

In any event, a further obstacle arises because Plaintiff has availed herself of the opportunity to state claims both for breach of fiduciary duty and for denial of benefits. Plaintiff's Second Claim for Relief is entitled "Failure to Comply with the Terms of the Plan." Plaintiff asserts that 29 U.S.C. § 1132(a)(1)(B) is the enforcement section. In addition, she further states that "Defendants have failed to pay Bybee her benefits due under the terms of the plan" and "unreasonably withheld authorization of treatment for Bybee's son." The issue is

confused by the presence of the allegation that "employees of the plan administrator misled Bybee into believing that her claim would be paid," an allegation more properly relating to the breach of fiduciary claim. The Second Claim for Relief is fundamentally one for the recovery of benefits due under the plan and is much more clearly stated than the first.

The problem with pleading alternate theories of breach of fiduciary duties and denial of benefits is that such an approach is precluded by *Varity Corporation v. Howe*, 516 U.S. 489 (1996), *Wilkins v. Baptist Healthcare System., Inc*., 150 F.3d 609 (6th Cir. 1998) and *Kennedy v. United Healthcare of Ohio, Inc*. (S.D. Ohio 1999). Plaintiff has directly alleged facts supporting a claim for denial of benefits. She cannot assert a claim for breach of fiduciary duty when she can allege facts sufficient to allege a claim for denial of benefits. Even if she could, the fiduciary duty is owed to the plan itself.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion to Dismiss Plaintiff's breach of fiduciary claim (Doc. 33) is well-taken and should be **GRANTED**. Plaintiff's remaining claim for denial of benefits is not subject to discovery beyond the administrative record.

December 10, 2003

              s/Timothy S. Hogan
             Timothy S. Hogan
             United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **REBECCA BYBEE,**<br>    **PLAINTIFF** | **CASE NO. 1:01cv00623**<br>(WEBER, J)<br>(HOGAN, M.J.) |
| **VS.** | |
| **THE PROCTOR & GAMBLE**<br>**COMPANY, ET AL.,**<br>    **DEFENDANTS** | |

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12/10/2003. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\HOGANTS\bybee.wpd