FILED
JAMES BONINI
CLERK

03 DEC 19 PM 3:30

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA BYBEE, | : | Case No. C-1-01-623 |
| Plaintiff, | : | Judge Weber |
| vs. | : | Magistrate Judge Hogan |
| THE PROCTER & GAMBLE COMPANY, et al., | : | **PLAINTIFF'S OBJECTION TO MAGISTRATE HOGAN'S REPORT AND RECOMMENDATION** |
| Defendants. | | |

Comes, Rebecca Bybee ("Plaintiff"), by and through counsel, pursuant to Federal Rule of Civil Procedure 72, and hereby objects to Magistrate Hogan's Report and Recommendation, entered December 12, 2003. (Document 41) As grounds therefore Plaintiff states as follows:

I.  **Introduction**

This case involves Defendants denial of benefits for Plaintiff's son's residential treatment provided by Majestic Ranch in Utah. The cost of the treatment was in excess of $90,000.00. Plaintiff submitted the cost of the treatment through the ERISA plan of her employer. Defendants failed to pay Plaintiff her health care benefits. Plaintiff filed suit, alleging among other things, that the terms of the Plan are vague, contradictory, ambiguous and misleading. As proof that the Plan's terms are vague, contradictory, ambiguous and misleading, Plaintiff sought access to materials outside of the administrative record regarding the payment or rejection of claims substantially similar to Plaintiff's. As such, Plaintiff served a set of discovery upon Defendants. Plaintiff, then filed a Motion to Compel. Magistrate Hogan granted Plaintiff's Motion to Compel by order dated February 24, 2003. Defendants objected to Magistrate

Hogan's Order and those objections are currently before this Court.

Defendants subsequently moved to have Plaintiff's claim for breach of fiduciary duty dismissed, stating Plaintiff may not alternatively plead a claim for benefits and breach of fiduciary duty. Magistrate Hogan agreed and dismissed Plaintiff's claim for breach of fiduciary duty. However, Magistrate Hogan went one step further stating that "(p)laintiff's remaining claim for denial of benefits is not subject to discovery beyond the administrative record." An Order which is contrary to his prior Order, objections to which are pending before this Court.

In addition, Plaintiff has consistently attempted to obtain the official "Plan Documents". (Exhibit 1). On March 19, 2002, Defendants sent Plaintiff a letter enclosing what was purported to be Plan documents. (*See* Exhibit 1). However, PD 0000124 of the purported Plan documents provides "this Handbook isn't an official document. The official documents – not this Handbook – must be used to resolve any questions about benefits." (*See* PD 0000124 attached as Exhibit 2). Accordingly, there are questions as to what constitutes the Plan documents and whether the administrative record is complete.

For the foregoing reasons, and as set forth below, Plaintiff objects to Magistrate Hogan's ruling that Plaintiff cannot take discovery on her denial of benefits claim.

II.     **The type of discovery Plaintiff seeks has been allowed by Sixth Circuit Courts contrary to Magistrate Hogan's assertion and should be allowed in this case.**

Plaintiff has given adequate reason for seeking additional discovery. The terms of the Defendants' health care benefits plan are vague and ambiguous, and were not fairly and uniformly interpreted by the plan administrator. The "Plan documents" provided by the

Defendant and upon which the Defendant relies to deny Plaintiff her benefits, clearly state that it "is not the plan." Obviously if Defendant relied on a document that clearly states that it "is not the plan" the questions become where is the Plan and what are its terms. Moreover, if the documents produced are not the Plan documents then the administrative record is not complete. The discovery Plaintiff seeks will provide her with information that was not available to her at any point during the administrative hearing process including the Plan documents and the treatment by Defendants of similar claims. Discovery such as this has been allowed in similar cases and should be allowed in this case.

Courts in the Sixth Circuit have allowed discovery in actions similar to those of Plaintiff's, and has not limited the Court's review exclusively to the administrative record. In *Heffernan v. Unum Life Insurance Company of America*, Case No. C-1-97-545 (S.D. Ohio Nov. 11, 1997) (order granting plaintiff's request to conduct discovery) (unreported, attached hereto as Exhibit 3), the plaintiff filed an action seeking the payment of disability benefits, similar to the health care benefits claim made by Plaintiff in the case at bar. In that case, Plaintiff argued that the discovery was necessary to determine: 1) what constituted the administrative record; 2) what influenced the Defendant and Defendant's rationale in denying benefits, and; 3) finally whether the Defendant violated its statutory standard of care in its decision to deny benefits or if it failed to provide a full and fair review of its initial decision as required by ERISA. *Id.*, at 1 and 2.

District Judge Susan J. Dlott ordered discovery beyond the administrative record stating "determination of what is and what is not a part of that administrative record is a necessary, preliminary question." *Id.*, at 3. Furthermore, Judge Dlott ordered additional discovery beyond the administrative record for the purpose of determining "whether Defendant violated its

3

statutory standard of care in its decision to deny benefits or failed to provide a full and fair review of its initial decision as required by ERISA." *Id.*, at 4.

In the case at bar, Plaintiff seeks discovery, including the prior determinations made by Defendants regarding similar types of claims made by other Plan participants. Plaintiff claims that the Defendants denial of health care benefits due to her and her son were arbitrarily denied by Defendants. By allowing Plaintiff to discover the Plan documents as well as Defendants' record of granting or denying similar claims, it will aid in determining whether Defendants' complied with the terms of the Plan and consistently and uniformly denied similar claims, or have arbitrarily applied the ambiguous Plan provision and randomly paid or not paid similar claimants. Moreover, because of the oral representations made by Defendants' employees to Plaintiff regarding the payment for the treatment for her son and the lack of a Plan document, the entire administrative record is not accurately reflected in the administrative record as provided by Defendants. The information Plaintiff seeks is necessary to determine what exactly the administrative record is, and also what information the Plan administrator used in making its determination of denying Plaintiff's benefits claim and what the Plan documents contain. Lastly, as in *Heffernan*, discovery is necessary to establish whether Defendant violated its statutory standard of care in its decision to deny benefits or failed to provide a full and fair review of its initial decision as required by ERISA. Clearly, payment of similar claims, and the reasons therefore, is central to such a determination.

In addition, the Sixth Circuit Court of Appeals has allowed additional discovery for the purposes of determining the uniformity of the decisions made by the plan administrator. In *Lewis v. St. Luke's Hospital Association*, 132 F.3d 33, 1997 WL 778410 (6th Cir., 1997) (unreported,

4

attached hereto as Exhibit 4), the plaintiff "sought discovery of the Pension and Personnel files of all persons being granted and/or denied disability pensions under the Plan in order to determine whether the Plan was exercising its discretion in a uniform manner as required by the plan documents." *Id.*, at *3. The defendants in *Lewis*, just as the Defendants in the case at bar, argued that the information sought by the plaintiff was irrelevant. The United States District Court for the Northern District of Ohio refused to allow such discovery. However, the Sixth Circuit Court of Appeals disagreed and remanded the case and instructed the District Court to permit additional discovery "regarding such claims for disability retirement benefits as may have been submitted by other employees. . .". *Id.*, at *1. The Appellate Court, in its reasoning for disagreeing with the decision of the District Court, stated that "[i]f . . . benefits have been awarded to individuals who, like [plaintiff], were on layoff status at the time they became disabled, the denial of benefits to [plaintiff] would seem to lack the uniformity expressly required by the plan's terms." *Id.*, at *3. The case at bar is on all fours with *Lewis*. In particular, one of the key issues is whether Ms. Bybee's claim was treated the same as other similar claims when it was denied. Therefore, the discovery sought by Plaintiff is relevant and necessary for the Court to determine whether or not Defendants had a valid reason to deny Ms. Bybee's claims, or if they simply arbitrarily denied her the benefits owed to her as a Plan participant.

### III.  Conclusion

WHEREFORE, Plaintiff objects to Magistrate Hogan's Report and Recommendation to the extent that he denied Plaintiff access to information that is discoverable. Plaintiff further requests an order compelling Defendants to answer the propounded discovery and produce the official Plan documents.

Respectfully submitted,

_____
Carl E. Grayson, Esq. (0067904)
SUTTON, HICKS, LUCAS, GRAYSON & BRADEN, PLC
130 Dudley Road, Suite 250
Edgewood, KY 41017
(859) 331-8883
*Trial Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Compel Discovery has been sent by regular U.S. mail this 19th day of December, 2003 to the following individuals:

John E. Jevicky, Esq.
Jennifer M. Orr, Esq.
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Trial Attorneys for Defendants*

_____
Carl E. Grayson