IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA BYBEE, | ) | Case No. C-1-01-623 |
| | ) | |
| Plaintiff, | ) | Judge Weber |
| | ) | |
| vs. | ) | Magistrate Judge Hogan |
| | ) | |
| THE PROCTER & GAMBLE | ) | **DEFENDANTS' RESPONSE** |
| COMPANY, et al., | ) | **TO PLAINTIFF'S OBJECTION** |
| | ) | **TO MAGISTRATE HOGAN'S** |
| Defendants. | ) | **REPORT AND RECOMMENDATION** |

Defendants, The Procter & Gamble Company and The Procter & Gamble Health Care Plan ("Defendants"), hereby respond to Plaintiff's Objections to Magistrate Hogan's Report and Recommendation[1] and request that the Court accept the same, pursuant to Fed. R. Civ. P. 72(b). Plaintiff clearly missed (or chooses to ignore) the "obvious reasons" for the Magistrate a) ruling solely upon Defendants' Alternate Motion to Dismiss Plaintiff's breach of fiduciary duty claim; and b) in granting that motion, also determining "Plaintiff's claim for denial of benefits is not subject to discovery beyond the administrative record." [*See* Magistrate's Report and Recommendation, pg. 1, ¶ 1.]

Simply stated, in dismissing Plaintiff's breach of fiduciary duty claim, the Magistrate correctly eliminated the only claim upon which limited discovery may be permitted in ERISA cases. As a result, the Magistrate's prior order permitting limited discovery on Plaintiff's breach of fiduciary duty claim (to which Defendants had objected), was rendered moot.

---

[1] Defendants point out that, despite Plaintiff's Certificate of Service indicating Defendants were served with a copy of Plaintiff's Objections on December 19, 2003, Defendants' first notice of both the Magistrate's ruling and Plaintiff's objections thereto was on December 23, 2003, when Defendants' counsel received notice from the Court's electronic filing database via electronic mail. Thereafter, on December 24, 2003, Defendants' counsel received Plaintiff's Objections via regular U.S. mail, some five (5) days after they were purportedly served, apparently due to mail backlog during the holiday season.

Plaintiff has in her possession the entire Administrative Record, including the plan documents and all information available to Defendants' Plan Administrator at the time the decision to deny Plaintiff's son mental health/chemical dependency ("MHCD") benefits was made. There is no need for discovery on this issue (even if it were permissible, which it is not). Plaintiff's last ditch efforts to unconvincingly argue otherwise, and to argue she should also be entitled to discover confidential information regarding other individuals' MHCD benefit claims, should not be entertained by this Court.

Accordingly, Plaintiff's objections should be overruled, the Magistrate's Report and Recommendation accepted, and this case scheduled for briefing on the Administrative Record at the Court's earliest convenience.

## I.    LAW AND ARGUMENT

### A.    Precedents established by this Court, the Sixth Circuit, and the U.S. Supreme Court all support the Magistrate's Report and Recommendation dismissing Plaintiff's breach of fiduciary duty claim.

In analyzing whether or not the Magistrate's Report and Recommendation of December 10, 2003 ("Report") was appropriate, it is important to review the Magistrate's Order of February 24, 2003 ("Order"), wherein Plaintiff was granted the right to conduct limited discovery related solely to her then-pending breach of fiduciary duty claim. At the time of that Order, however, Magistrate Hogan identified the difference in opinion between the Southern and Northern Districts of Ohio with regard to dismissing an individual's breach of fiduciary duty claim when it accompanies a claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B). [*See* Order, p. 3, ¶1 and Fn. 2].

When the Magistrate ruled, he was "assuming without deciding that Plaintiff may assert a claim under §1132(a)(3) as an alternative to [her] claim under §1132(a)(1)(B)," because "[n]either a motion to dismiss nor a motion for entry of judgment on the merits [had] been filed

in this case." *Id.* Magistrate Judge Hogan did not reach the issue because the issue was not properly before him. *Id.* Defendants thereafter placed the issue properly before the Court on April 21, 2003, when they filed a motion to dismiss Plaintiff's purported breach of fiduciary duty claim.

This Court, the Sixth Circuit and the United States Supreme Court have all held that where a plaintiff has asserted a claim under §1132(a)(1)(B)(for denial of benefits), she is not entitled to alternatively assert a claim under §1132(a)(3)(for breach of fiduciary duty). *See generally, Kennedy v. United Healthcare of Ohio, Inc.* (S.D. Ohio 1999), 186 F.R.D. 364; *Wilkins v. Baptist Healthcare System, Inc.* (6th Cir. 1998), 150 F.3d 609; *Varity Corporation v. Howe, et al.* (1996), 516 U.S. 489. The Magistrate relied upon *Kennedy, Wilkins,* and *Varity* in holding:

> The problem with pleading alternate theories of breach of fiduciary duties and denial of benefits is that such an approach is *precluded* by [the above-cited authorities]. Plaintiff has directly alleged facts supporting a claim for denial of benefits. She *cannot* assert a claim for breach of fiduciary duty when she can allege facts sufficient to allege a claim for denial of benefits. Even if she could, the fiduciary duty is owed to the plan itself. (Emphasis added.)(Internal citations omitted.) [*See* Report, p. 5]

The Magistrate's Report and Recommendation dismissing Plaintiff's breach of fiduciary duty claim was neither clearly erroneous nor contrary to law and should be accepted in its entirety.

**B.    Controlling precedent also supports the Magistrate's Report and Recommendation precluding discovery beyond the administrative records on Plaintiff's remaining denial of benefits claim.**

In cases involving ERISA denial of benefits claims, discovery beyond what was available to the Plan Administrator at the time the plaintiff's benefits determination was made is not warranted under ERISA or Sixth Circuit cases interpreting its provisions. *See, e.g., Killian v. Healthsource Provident Administrators, Inc.* (6th Cir. 1998), 152 F.3d 514, 522 ("There can be

3

no dispute that in this Circuit, in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator.").

Plaintiff is still on a fishing expedition and is inappropriately seeking discovery beyond the Administrative Record in this denial of benefits case by continuing to argue, without any factual support whatsoever, that there are other reasons for allowing her to conduct discovery. There are not. Plaintiff is attempting to manufacture a case by seeking discovery that is not warranted under ERISA or controlling precedent. Such an abuse of the discovery process should not be permitted.

Plaintiff continues to rely solely on unreported cases of little precedential value that are distinguishable from the current case. Plaintiff again cites *Heffernan v. Unum Life Insurance Company of America* as authority for the proposition that discovery is warranted under the instant facts. Case No. C-1-97-545 (S.D. Ohio Nov. 11, 1997) (unreported) (attached to Plaintiff's Objection). As in her prior briefs, Plaintiff also cites to *Lewis v. St. Luke's Hospital Association*, and argues that case is "on all fours" with the instant case and somehow permits her to conduct discovery. (6th Cir. 1997) 132 F.3d 33 (also attached to Plaintiff's Objection). In both *Heffernan* and *Lewis*, the plaintiffs made the initial showing of conflict of interest or improper motive prior to the courts allowing discovery to be conducted. Also, the cases involved claims not at all like Plaintiff's herein.

These issues have been briefed to this Court, *ad nauseum*. Defendants incorporates by reference, as if fully restated herein, the relevant arguments made with respect to these cases and issues in Defendants' Sur-Reply (Exhibit C to Defendants' Motion for Leave, filed on September 6, 2002)(Exhibit 1), along with the attached Affidavits of Jennifer M. Orr, Esq. (Exhibit 2), and

4

Rebecca Lawrence, Esq. (Exhibit 3), which were filed therewith.[2]  Plaintiff chooses to disregard these affidavits entirely in making her objections and, apparently, in focusing on one page of the documents produced as the Administrative Record, ignores the other 500-plus pages produced to Plaintiff which include the remaining "official" plan documents.

The Magistrate's Report and Recommendation dismissed Plaintiff's purported breach of fiduciary duty claim and precluded discovery beyond the Administrative Record.  Any reliance on either *Heffernan* or *Lewis* to permit discovery at this juncture would be misplaced.

## II.     CONCLUSION

Based on the foregoing, Plaintiff's Objection to Magistrate Hogan's Report and Recommendation of December 10, 2003 should be overruled and the Magistrate's Report and Recommendation accepted by this Court.  Plaintiff is not entitled to an order compelling discovery from Defendants and has already received all applicable plan documents and the complete contents of the Administrative Record.  Plaintiff belabors these issues because she has no support for her claim on its merits.  Defendants respectfully request that this case be scheduled for briefing and determination on the merits at the Court's earliest convenience.

Respectfully Submitted,

John E. Jevicky, Esq. (0012702)
Jennifer M. Orr, Esq. (0069594)
DINSMORE & SHOHL, LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Trial Attorneys for Defendants*

---

[2] In ruling on Plaintiff's Motion to Compel, Defendant's Sur-Reply, though never filed other than as an attachment to Defendant's Motion for Leave to file it, was considered by Magistrate Hogan and specifically referenced in his Order of February 24, 2003.

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was sent via regular U.S. mail, postage prepaid, this 29th

day of December, 2003, to the following:


Carl E. Grayson, Esq.
7801 U.S. 42
Florence, KY 41042
(859) 283-9990
*Trial Attorney for Plaintiff*

It is further certified that the foregoing was hand-delivered to the following on this 29th day of

December, 2003, to the following:

Hon. Herman H. Weber
U.S. District Court
Southern District of Ohio
801 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, OH  45202

Hon. Timothy S. Hogan
U.S. District Court
Southern District of Ohio
801 Potter Stewart Courthouse
100 E. Fifth Street
Cincinnati, OH  45202