# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

REBECCA BYBEE,                        :    Case No. C-1-01-623

           Plaintiff,                 :    Judge Weber
                                      :
vs.                                   :    Magistrate Judge Hogan
                                      :
THE PROCTER & GAMBLE                  :
COMPANY, et al.,                      :    **DEFENDANTS' SUR-REPLY IN**
                                      :    **OPPOSITION TO PLAINTIFF'S**
           Defendants.                :    **MOTION TO COMPEL DISCOVERY**
                                      :    *(With Attached Affidavits of Jennifer M. Orr,*
                                      :    *Esq., and Rebecca Lawrence, Esq.)*

Defendants The Procter & Gamble Company and The Procter & Gamble Health Care

Plan ("Defendants"), respectfully renew their request that this Court deny Plaintiff's Motion to

Compel Discovery and respond to the new arguments made by Plaintiff in her Reply brief.

Even a cursory review of Plaintiff's Reply brief reveals that it does not address the

arguments made by Defendants with respect to whether or not Plaintiff is entitled to discovery.

Rather, in a last ditch effort to manufacture an argument in favor of allowing her to conduct

discovery, Plaintiff raises three new "theories" and cites two unreported cases (neither of which

has been followed by any court in any reported opinion) purporting to entitle her to minimal

discovery.  Regardless of how Plaintiff tries to spin her claims -- she is simply not entitled to

conduct discovery in this ERISA denial of benefits case.

## MEMORANDUM OF LAW

I.    LAW AND ARGUMENT

    A.    Plaintiff's New Legal Theories

        1.    The first new theory upon which Plaintiff relies is merely a disguised breach of fiduciary duty/lack of due process argument, which cannot be made by Plaintiff because such claims have not been alleged in Plaintiff's Amended Complaint.

For the first time in her Reply brief, Plaintiff argues that the terms of the Plan documents "were not fairly and uniformly interpreted by the plan administrator," presumably because Plaintiff's counsel recently unearthed an unpublished opinion, Heffernan v. Unum Life Insurance Company of America (S.D. Ohio, Nov. 11, 1997), Case No. C-1-97-545,[2] in which limited discovery was permitted for purposes of making such a determination. See Plaintiff's Reply, Pg. 2. Citing Heffernan, Plaintiff argues that she is entitled to conduct limited discovery so as to determine "whether Defendant violated its statutory standard of care in its decision to deny benefits or failed to provide a full and fair review of its initial decision as required by ERISA." See Plaintiff's Reply, pp. 3-4. The assertion of these new theories is yet another attempt by Plaintiff to do an end-run around the fact that she is not entitled to discovery because she has not alleged and cannot allege "breach of fiduciary duty" or "lack of due process" claims in this case.

In arguing that Defendants' Plan documents were not "fairly and uniformly interpreted" and that Defendant may have somehow violated an unidentified "statutory standard of care," Plaintiff places a new spin on an old argument that has been repeatedly rejected by Sixth Circuit courts and squarely trumped by the precedents cited in Defendants' Memorandum in Opposition: In the absence of a "breach of fiduciary duty" claim (as in the case at bar), not even minimal discovery beyond the Administrative Record is warranted. See Defendants' Memorandum in

---

[2] The fax line on the copy of the Heffernan case attached to Plaintiff's Reply reflects that it was faxed to Plaintiff's counsel on August 13, 2002 by another law firm.

Opposition.  Regardless of how the argument is styled, whether it be "fair and uniform interpretation" or "violation of a statutory standard of care" or "breach of fiduciary duty," the result is the same -- Plaintiff is not entitled to discovery where such a claim is not and cannot be alleged.

Similarly, Plaintiff argues that she is entitled to discovery because in Heffernan the Court held that discovery was permitted for the limited purpose of determining whether Defendant "failed to provide a full and fair review of its initial decision as required by ERISA." Heffernan at *4.  In other words, Heffernan stands for the proposition that, in cases involving a claim of lack of due process in the administrative process, plaintiffs making such a claim are entitled to limited discovery.  However, in this case, Plaintiff has admitted that she was not denied due process and has not alleged any such claim in her Amended Complaint. See Defendant's Memorandum in Opposition.  It is disingenuous for Plaintiff to now argue to the contrary and, in doing so, attempt to mislead this Court as well as Defendants concerning to the exact nature of the claims she has alleged in this case.

Defendants do not dispute that, in certain cases involving "breach of fiduciary duty" and "lack of due process" claims under ERISA, some limited discovery has been found by the Sixth Circuit courts to be warranted.  Despite having used different terminology, Judge Dlott reached a similar conclusion in Heffernan.  However, this case is not like Heffernan and it is certainly not a case in which either a "breach of fiduciary duty" or "lack of due process" claim has been alleged. Accordingly, Plaintiff is still not entitled to discovery beyond the Administrative Record.

Moreover, Heffernan is otherwise distinguishable because it is a case in which discovery was permitted due to an alleged "conflict of interest" on the part of the Plan Administrator. Notably, the Court prefaced its decision to allow limited discovery with an acknowledgment that "Sixth Circuit precedent has generally limited a court's review, and necessarily discovery, of a

decision denying benefits to the evidence previously presented to a plan's administrator."

Heffernan at *3.

So too, in this case, should the Court's review be limited to the evidence previously

presented to the Plan Administrator, i.e., the Administrative Record. Plaintiff's eleventh-hour

arguments are unpersuasive -- "statutory standard of care" and "full and fair review" are not

matters that "are or may become issues" in this litigation. See Oppenheimer Fund, Inc. v.

Sanders, 437 U.S. 340, 351 (1978). As a result, under Civil Rule 26(b)(1), which governs the

scope of allowable discovery and limits discovery to matters "relevant to the subject matter

involved in the pending action," Plaintiff's arguments for discovery based on Heffernan should

be rejected. Fed. R. Civ. P. 26(b)(1).

> 2.    Plaintiff's second new theory is that she is entitled to discovery on the limited basis of determining what constitutes the administrative record; however, Plaintiff's Reply is the first time that Plaintiff (or her counsel) has given any indication that she disputes the contents of the Administrative Record.

Based again on Heffernan, Plaintiff argues that discovery is necessary to determine "what

constituted the administrative record."[3] See Plaintiff's Reply, pp. 3-4. This is the first time

Plaintiff has given any indication that she disputes the contents of the Administrative Record that

was delivered to her counsel over 5 months ago. In fact, to the contrary, all indications from

Plaintiff's counsel prior to the filing of Plaintiff's Reply were that Plaintiff agreed with the

Administrative Record and that counsel for both parties were going to meet in the near future to

determine whether duplicative pages could be excised from the Administrative Record prior to

its submission to this Court. See Affidavit of Jennifer M. Orr, Esq., ¶¶4-5 (Orr Aff., Exhibit 1).

---

[3] Plaintiff would have this Court ignore the role she played in creating the Administrative Record in this case: Plaintiff filed her claim for benefits, was denied benefits due to her own refusal to comply with clear Plan provisions requiring pre-authorization, appealed the adverse benefits determination, submitted supporting documentation along with her appeal, supplemented her submissions with voluminous additional documents at each stage of the appeals process (including her own handwritten and typed summaries of her son's treatment and condition, her own recollections of telephone conversations with Defendants' representatives, etc.), and had every opportunity to put whatever information she had available to her in front of the Plan Administrator for review.

Now, nearly a year since the filing of this lawsuit and over five years since the final determination as to Plaintiff's denial of benefits was made by the Plan Administrator, Plaintiff argues for the first time that non-specified "oral representations made by Defendants' employees to Plaintiff" are not accurately reflected in the Administrative Record and that she is entitled to discovery on that basis. Plaintiff's argument fails to apprise this court that the Administrative Record contains documentation <u>created by Plaintiff almost contemporaneously with her interactions with Defendants' representatives</u> as well as Defendants' own internal documentation of those same exchanges. <u>See</u> Administrative Record.[4] The Plan Administrator had all of this information, and only this information, at the time of the decision to deny Plaintiff's claim for benefits. <u>See</u> Affidavit of Rebecca Lawrence, Esq., ¶3.(Lawrence Aff., Exhibit 2).

Nothing beyond that which is presently contained in the Administrative Record was considered by the Plan Administrator. Lawrence Aff, ¶3. The Administrative Record contains every document and piece of information that was considered by the Plan Administrator in reaching the decision to deny Plaintiff's benefits claim. <u>Id</u>.

No other documents or evidence pertaining to Plaintiff's benefits claim, beyond what is presently contained in the Administrative Record, are known to Defendants. Lawrence Aff., ¶5. If Plaintiff gathered additional evidence to support her claim for benefits, that should have been submitted to the Plan Administrator during the administrative process over five years ago. Defendants do not have exclusive control over developing the Administrative Record. (<u>See</u> footnote 3, *supra*.) In fact, Plaintiff bears the responsibility for the creation of the Administrative Record, not Defendants.

---

[4] Until an appropriate Protective Order is in place, Defendants are constrained by patient confidentiality laws from disclosing the Administrative Record in a public filing and, therefore, unfortunately cannot attach the relevant portions of the Administrative Record to this brief.

3.      Plaintiff's third new theory is that she is entitled to conduct discovery as to the "uniformity" of the Plan Administrator's decisions; however, no such determination needs to be made -- the dispute in this case is not the nature of Plaintiff's benefits claim, but rather Plaintiff's own failure to follow the proper Plan procedures.

Finally, Plaintiff argues that she is entitled to discovery relating to the "uniformity" of decisions made by the Plan Administrator, citing another new unpublished case, Lewis v. St. Luke's Hospital Association (6th Cir. 1997), 132 F.3d 33, 1997 WL 778410. Lewis, however, did not involve a plaintiff who failed to follow clear Plan directives and rejected covered treatment options, as this case case does. Mrs. Bybee was offered benefits under the Plan for her son's treatment, but she rejected them, electing instead to send her son to an out-of-state, out-of-network facility without pre-authorization as was required under the Plan.

In Lewis, the plaintiff (who had followed plan procedures) sought claims files relating to other former employees of the defendant-hospital who were similarly situated with the plaintiff and also sought disability benefits, to see whether or not their claims were paid. Id. In the instant case, the analysis does not get to the point of comparing Plaintiff's claims to those of other enrollees because Plaintiff would not be similarly situated with other MHCD claimants who had properly followed Plan procedures.

Plaintiff and her son do not get special treatment just because Plaintiff did not like the health care options available to her under the Plan, to which she agreed when she enrolled in the Plan. The nature of Plaintiff's claim, one for MHCD benefits for her son, is not in dispute. Defendants agree that Plaintiff's son needed MHCD treatment. In fact, evaluation and treatment at an area MHCD facility were recommended for Plaintiff's son by Defendants' qualified medical professionals. Plaintiff knowingly rejected these Plan benefits outright and chose, on her own, to send her son to an out-of-network facility without authorization under the Plan to do

so. Had Plaintiff followed the proper procedures, and still been denied benefits under the Plan, Lewis might offer her minimal support for discovering limited information on other similar MHCD claims. However, such is not the case here. Lewis is not "on all fours" with the instant case, and Plaintiff is not entitled to discovery as to Defendants' handling of other enrollees' claims.

4.    Sixth Circuit Rule 28 disfavors citation of unpublished opinions in any court within this Circuit.

Sixth Circuit Rule 28 states:

Citation of unpublished decisions in brief and oral arguments in this Court and in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case. If a party believes, nevertheless, that an unpublished disposition has precedential value in relation to a material issue in a case, and that there is no published opinion that would serve as well, such decision may be cited if that party serves a copy thereof on all other parties in the case and on this Court. (Emphasis added.)

Neither Heffernan nor Lewis, both unpublished opinions of this district, has been cited by any other court in a reported decision. Therefore, their precedential value is minimal, if any. Moreover, Plaintiff is not attempting to establish res judicata, estoppel, or the law of the case by her citation to these cases and she is not citing these unreported cases in relation to a material issue in this case. Plaintiff is instead attempting to muddy the waters in this clear-cut, no discovery, ERISA denial of benefits case. See Defendant's Memorandum in Opposition.

II.    CONCLUSION

Based on all of the foregoing, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel Discovery and limit its review in this case to the Administrative Record.

Respectfully submitted,

_____
John E. Jevicky, Esq. (0012702)
Jennifer M. Orr, Esq. (0069594)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
*Trial Attorneys for Defendants*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing **Defendants' Sur-Reply in Opposition to Plaintiff's Motion to Compel Discovery** has been forwarded via regular U.S. mail, postage prepaid, this _____ day of _____, 2002, to the following:

Carl E. Grayson, Esq.
7801 U.S. 42
Florence, KY 41042
(859) 283-9990
*Trial Attorney for Plaintiff*

_____